UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIICO HOWELL,<br><br>                      Plaintiff,<br><br>   -against-<br><br>SLUTTY VEGAN, INC.,<br><br>                      Defendant. | 25-CV-2716 (JHR) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

This matter is before me for general pretrial purposes and for reports and recommendations on dispositive motions. (ECF 7, Order of Ref.) On July 18, 2025, I ordered Plaintiff to begin the process for seeking a default judgment, following the procedure outlined in Rule 5.H and Attachment A of Judge Rearden's Individual Rules and Practices in Civil Cases. (ECF 40, Order.) On August 19, 2025, I extended Plaintiff's deadline to begin this process until September 12, 2025. (ECF 44, Order.) On September 12, 2025, Plaintiff filed a motion for default judgment (ECF 45), with accompanying documents, against Defendant. The accompanying documents include Plaintiff's Counsel's Attorney Affirmation (ECF 45). I have reviewed Plaintiff's submissions and determined that they do not contain all the information necessary to support Plaintiff's motion.

### Deficiencies in Plaintiff's Submissions

**Memorandum of Law.** Attachment A of Judge Rearden's Individual Rules directs a party filing a motion for default judgment to support that motion with a memorandum of law setting forth several categories of information, including: "legal authority for why service of the summons and complaint was proper"; "choice of law"; "the elements of each cause of action as

to which default judgment is sought, with supporting legal authority"; "for each defendant and for each cause of action as to which default judgment is sought, an analysis demonstrating that the facts pleaded in the complaint support the conclusion that the relevant defendant is liable with respect to that cause of action"; "legal authority for why an inquest into damages is or is not necessary"; and "where, in the view of the moving party no inquest is necessary, for each defendant as to which default judgment is sought, an analysis demonstrating that the information presented together with the application for default judgment support the requested award of damages." Plaintiff's submissions do not contain any of this information.

Attachment A also requires that the memorandum of law set forth "legal authority supporting each category of damages requested." The Attorney Affirmation lists four categories of requested damages: emotional distress, lost wages, punitive damages, and attorneys' fees. (*See* ECF 45, Attorney Aff. ¶ 14.) In support of the requests for emotional distress and punitive damages, Plaintiff primarily cites to legal authority from state court and state administrative entity decisions.

## Order To Supplement

Plaintiff's submissions do not comply with Judge Rearden's Individual Rules. In the interest of justice, I will afford Plaintiff another opportunity to sufficiently support the motion for default judgement. Accordingly, it is ORDERED that, by **October 22, 2025**, Plaintiff shall make a supplemental submission in further support of the motion for default judgment that:

1. Includes a memorandum of law that complies with the requirements of Judge Rearden's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jennifer-h-rearden.

2. Plaintiff is encouraged to cite to additional federal legal authority to support the requests for emotional distress and punitive damages.

DATED: October 7, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge