USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: September 30, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RIICO HOWELL.,

Plaintiff,

-v.-

SLUTTY VEGAN, INC.

Defendant.

25 Civ. 2716 (JHR) (RFT)

ORDER ADOPTING REPORT AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

Plaintiff Riico Howell brings this action against Defendant Slutty Vegan, Inc. for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the New York City Human Rights Law, New York City Admin. Code § 8-107(1) and (7) ("NYCHRL"). ECF No. 3 (Compl.). Before the Court is the Report and Recommendation of Magistrate Judge Robyn F. Tarnofsky recommending that the Court enter judgment for Plaintiff in the amount of (1) $242,418.80, consisting of $19,378.80 in back pay, $80,000.00 in emotional distress damages, $120,000.00 in punitive damages, and $23,040.00 in attorneys' fees and costs; (2) pre-judgment interest on the back pay award, to be calculated by the Clerk of Court from April 19, 2024 until the date of entry of judgment; and (3) post-judgment interest on the judgment, to be calculated by the Clerk of Court from the date of entry of judgment until the date of payment. ECF No. 69 (R&R). The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court adopts Judge Tarnofsky's recommendation in part.

## BACKGROUND[1]

On October 31, 2024, Plaintiff filed a charge of unlawful discrimination, retaliation, and sexual harassment with the Equal Employment Opportunity Commission (the "EEOC"). Compl. ¶ 10.[2] On January 2, 2025, the EEOC issued a Letter of Determination, which stated that Defendant had "engaged in employment discrimination in violation of [] Title VII," as well as a Notice of Right to Sue. ECF No. 3-1 (Letter of Determination and Notice of Right to Sue).

On April 2, 2025, Plaintiff brought this action pursuant to Title VII and NYCHRL for sexual harassment, gender discrimination, and retaliation. Compl. ¶¶ 41-60. On April 3, 2025, the Court referred the matter to Judge Tarnofsky for all purposes except trial. ECF No. 7.

Plaintiff served the summons and Complaint on Defendant's authorized agent on April 8, 2025. ECF No. 11. Although Defendant's deadline to respond to the Complaint was April 29, 2025, Defendant did not respond to the Complaint or otherwise appear. *Id.* On May 1, 2025, Judge Tarnofsky issued an order *sua sponte* extending the deadline for Defendant to respond to the Complaint *nunc pro tunc* to May 16, 2025. ECF No. 12. Judge Tarnofsky also directed Plaintiff to serve, by May 8, 2025, the summons, the Complaint, and a copy of the May 1, 2025 order by "registered mail at Defendant's Delaware registered agent and to any place(s) of business of Defendant that are known to Plaintiff, and by any email addresses used by Defendant and known to Plaintiff." *Id.* On May 8, 2025, Plaintiff filed fourteen Affidavits of Service attesting that he had served the above-mentioned documents on Defendant at twelve addresses

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* R&R.

[2] After the first 15 paragraphs, the Complaint restarts enumerating with number 1 and then assigns each number twice, to adjacent paragraphs. Unless otherwise indicated, citations reference the first paragraph bearing the designated number.

by registered mail and at two email addresses. ECF Nos. 13-26. Defendant did not respond to the Complaint.

On May 27, 2025, Plaintiff filed a proposed Clerk's Certificate of Default and declaration of counsel. ECF Nos. 29, 30. That same day, the Clerk of Court entered the Certificate of Default as to Defendant. ECF No. 33. On June 10, 2025, Judge Tarnofsky issued an Order to Show Cause directing Defendant to explain, by July 10, 2025, its failure to respond to the Complaint. ECF No. 34. Pursuant to that order, Plaintiff served the Order to Show Cause on Defendant on June 11, 2026. ECF Nos. 37-39. Defendant did not respond to the Order to Show Cause, and on July 18, 2025, Judge Tarnofsky directed Plaintiff to begin the process of seeking a default judgment against Defendant. ECF No. 40.

On September 12, 2025, Plaintiff filed a motion for a default judgment and supporting papers and served the motion on Defendant. ECF Nos. 45-49. On October 7, 2025, Judge Tarnofsky directed Plaintiff to file a memorandum of law in support of the motion, as required by the Court's Individual Rules and Practices. ECF No. 50. Plaintiff filed a renewed motion for a default judgment on October 22, 2025, ECF No. 51, and served the renewed motion on Defendant by email and through Defendant's registered agents, ECF Nos. 52-55. On November 19, 2025, Judge Tarnofsky directed Plaintiff to "further effect service at all of Defendant's last known business addresses and by all additional email addresses used by Defendant and known to Plaintiff, and to file proof of such service on the docket." ECF No. 56. On November 20 and 26, 2025, Plaintiff filed eight affidavits of service. ECF Nos. 57, 60-66. Defendant has not responded to any of the Court's orders or otherwise appeared.

On July 9, 2026, Judge Tarnofsky issued a fifty-page Report and Recommendation recommending that the Court enter judgment for Plaintiff in the amount of (1) $242,418.80, consisting of $19,378.80 in back pay, $80,000.00 in emotional distress damages, $120,000.00 in

punitive damages, and $23,040.00 in attorneys' fees and costs; (2) pre-judgment interest on the back pay award, to be calculated by the Clerk of Court from April 19, 2024 until the date of entry of judgment; and (3) post-judgment interest on the judgment, to be calculated by the Clerk of Court from the date of entry of judgment until the date of payment. R&R at 49. The Report and Recommendation directed that, "within two business days," Plaintiff should "serve a copy of this report and recommendation on Defendant by mail and email at Defendant's last known addresses" and file proof of service on the docket. *Id.* On July 10, 2026, Plaintiff filed seven affidavits of service by both certified mail and email. ECF Nos. 70-76.

The Report and Recommendation notified the parties that they had "fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections." R&R at 49-50. The Report and Recommendation also cautioned that "THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW." *Id*. at 50 (emphasis in original). No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp*., No. 24 Civ. 1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025) (summary order). Although Section 636(b) "does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474

U.S. 140, 154 (1985); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate.").

With respect to those portions of the report to which no timely objection has been made, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Mktg., Inc.*, No. 19 Civ. 3363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *2 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that "THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS," R&R at 50 (emphasis in original), Defendant did not file any objections to the Report and Recommendation. Thus, the clear-error standard is appropriate. Having carefully reviewed the Report and Recommendation, the Court finds no such error with respect to the award of back pay, punitive damages, attorneys' fees and costs, pre-judgment interest on the back pay, or post-judgment interest on the judgment. As to those awards, the Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025).

With respect to the award of $80,000 in emotional distress damages, the Court hereby "modif[ies], . . . in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see Gustafon v. Comm'r of the Soc. Sec. Admin.*, No. 25 Civ. 4615 (MKV) (VF), 2026 WL 2906915, at *2, *4-6 (S.D.N.Y. Sept. 28, 2026) (adopting in part and

rejecting in part Magistrate Judge's report and recommendation following review of the recommendations and the record, even though "[n]o party ha[d] filed any objections [to] the R&R, timely or otherwise"). The Court agrees that *DeCurtis v. Upward Bound Int'l, Inc.*, No. 09 Civ. 5378 (RJS), 2011 WL 4549412 (S.D.N.Y. Sept. 27, 2011), *MacCluskey v. Univ. of Conn. Health Ctr.*, No. 13 Civ. 1408 (MPS), 2017 WL 684440 (D. Conn. Feb. 21, 2017), *Bouveng v. NYG Cap. LLC*, 175 F. Supp. 3d 280 (S.D.N.Y. 2016), and *Manswell v. Heavenly Miracle Acad. Servs., Inc.*, No. 14 Civ. 7114 (MKB) (SMG), 2017 WL 9487194 (E.D.N.Y. Aug. 23, 2017), *report and recommendation adopted*, 2017 WL 4075180 (E.D.N.Y. Sept. 14, 2017), are useful comparators. But those cases do not support an award of $80,000 in emotional distress damages here.

In *DeCurtis*, the court awarded $100,000 in emotional distress damages where, over a two-year period, the plaintiff had been sexually harassed and subjected to nonconsensual sexual touching, causing her to feel "constantly stressed, nervous and unable to sleep." 2011 WL 4549412, at *1-2, *4-5. Similarly, in *MacCluskey*, $125,000 in emotional distress damages was awarded where, for more than two years, the plaintiff had endured unwanted sexual comments and touching, causing her to feel "ashamed and embarrassed," "afraid to be home alone," "afraid to go out in public," and "[unable to] sleep for weeks." 2017 WL 684440, at *3-4, *15. In *Bouveng*, the court awarded $150,000 in emotional distress damages where the plaintiff, for approximately nine months—and with retaliation continuing for another year—had experienced sexual harassment and coerced intercourse, causing "severe emotional distress and physical ailments." 175 F. Supp. 3d at 334. And in *Manswell*, the plaintiff was awarded $75,000 in emotional distress damages where, for eighteen months, she had been subjected to inappropriate sexual comments that caused "extreme anxiety," made her "dread[] going to work," and made her "fearful at all times." 2017 WL 9487194, at *17-18.

Here, Plaintiff avers that he was subjected to unwanted sexual touching "ten to fifteen times on every single shift"—"over fifty separate times in total"— and that Defendant's alleged discrimination and retaliatory termination of Plaintiff "exacerbated [his] disabilities, including depression, anxiety, post-traumatic stress disorder (PTSD), and gender dysphoria." Compl. ¶¶ 2, 7.[3] Unlike in the comparator cases, however, Plaintiff was only employed by Defendant for 42 days, including the 10 days he participated in remote training, *see* Compl. ¶ 1.[4] In other words, Plaintiff apparently was only present for 32 days in the workplace where he experienced unlawful conduct—considerably less time than the plaintiffs in the comparator cases. *See DeCurtis*, 2011 WL 4549412, at *1-2, *4-5; *MacCluskey*, 2017 WL 684440, at *3-4, *15; *Bouveng*, 175 F. Supp. 3d at 334; *Manswell*, 2017 WL 9487194, at *17-18. In view of the foregoing, the Court awards Plaintiff $55,000 in emotional distress damages.

Accordingly, the Report and Recommendation is adopted in part. Plaintiff is awarded judgment in the amount of $217,418.80—consisting of $19,378.80 in back pay, $55,000.00 in emotional distress damages, $120,000.00 in punitive damages, and $23,040.00 in attorneys' fees and costs—as well as prejudgment interest on the back pay award only, to be calculated by the Clerk of Court from April 19, 2024 until the date of entry of judgment; and post-judgment interest on the judgment, to be calculated by the Clerk of Court from the date of entry of judgment until the date of payment. By **October 7, 2026**, Plaintiff shall serve this Order upon the Defaulting Defendant and file an affidavit attesting to such service.

Upon the entry of judgment, the Clerk of Court is directed to terminate all pending motions and close this case.

---

[3] This citation references the first paragraph 2 and the second paragraph 7.

[4] This citation references the second paragraph 1.

SO ORDERED.

Dated: September 30, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge